IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHARI S. DRERUP,

      Plaintiff,

  v.                                      Civil Action 2:19-cv-3499
                                           Judge Sarah D. Morrison
                                           Magistrate Judge Jolson

NETJETS AVIATION, INC., et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendant NetJets Aviation, Inc.'s Motion to File Documents Under Seal. (Doc. 44). Plaintiff represents that the Motion is unopposed. For the following reasons, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**I.    STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at

1

305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

II. DISCUSSION

Defendant moves to "file under seal Exhibits A and B to the Affidavit of Christopher Eastman . . . in support of its Motion for Summary Judgment[.]" (Doc. 44 at 1). Both exhibits are

2

flight training records; one is Plaintiff's record, and one is the record for Charles Felton, a comparator. (*Id.* at 2). Defendant says that these records contain "confidential, proprietary, and trade secret information" related to the training program established by Defendant and a third-party training company. (*Id.*). Specifically, Defendant asserts that the selection, sequencing, and timing of the program's training maneuvers are proprietary. (*Id.*). They further state that because Mr. Felton is a "third party whose conduct did not give rise to this matter," his record should be protected in the interest of privacy. (*Id.*).

First, the Court does not dispute that the selection, sequencing, and timing of training maneuvers constitute proprietary or trade secret information. Defendant and the third-party company have clearly expended resources to design an effective and efficient training program, and competitors could benefit from having access to details about that program. Additionally, the public has a lesser interest in knowing the precise details of the training program. Defendant has therefore successfully demonstrated a compelling interest for sealing.

Yet, the seal must be narrowly tailored to serve this compelling interest. Redactions, as opposed to a blanket sealing, will accomplish the protection of trade secret information while also providing the public with the information necessary to understand the court record and Defendant's Motion for Summary Judgment. Namely, the scoring Defendant has put at issue in its Motion for Summary Judgment should be disclosed to the public. (*See* Doc. 45 at 4–6, 13). Defendants can provide the records' unredacted training scores while redacting the names of training maneuvers. This will disguise the selection, sequencing, and timing of the training maneuvers and protect the trade secret information. These redactions may be made with one exception: the names of the maneuvers which Defendant identified as significant to its argument about Plaintiff's proficiency, "the IFR Precision Approach ILS Manual One-Engine Inoperative maneuver, the Non-Precision

3

Approach One Engine Inoperative maneuver, the Circling Approach and Landing maneuver, and the Missed Approach with Engine Failure maneuver[,]" must remain unredacted. (*Id.* at 5).

Finally, the Court finds the assertion that Mr. Felton's record should be completely sealed to protect his privacy unpersuasive. True, the privacy interests of innocent third parties should be "take[n] seriously[.]" *Shane Grp.*, 825 F.3d at 308. But it is unclear to what extent, if any, Mr. Felton's training record discloses personal information beyond what Defendant itself has already disclosed in its motions—that is, Mr. Felton's name and his scores throughout training. (*See* Docs. 44, 45). Defendant may redact additional personal identifying information, like Mr. Felton's middle name, client identification number, or pilot certificate number. Otherwise, Mr. Felton's scoring, like Plaintiff's, should remain unredacted and available to the public.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to File Documents Under Seal (Doc. 44) is **GRANTED IN PART AND DENIED IN PART**. Defendant is **ORDERED** to file redacted exhibits consistent with this Opinion and Order within seven (7) days.

IT IS SO ORDERED.

Date: December 2, 2021                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE